UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>JOSE NORBERTO ROMERO SAUCEDO,<br><br>Defendant. | CASE NO.:  22-cr-1623-GPC<br><br>**ORDER GRANTING IN PART AND DENYING IN PART MOTION TO ACCESS JURY SELECTION MATERIAL**<br>**[ECF NO. 43]** |

On January 11, 2023, Defendant Jose Romero Saucedo ("Defendant" or "Mr. Romero") filed a motion to dismiss the superseding indictment based upon alleged violations of the Jury Selection and Service Act of 1968 ("JSSA").  ECF No. 42.  On January 18, 2023, Mr. Romero moved for access to jury selection records and grand jury materials.  ECF No. 43.  After an order granting the motion for access was issued, the Government filed a motion for reconsideration, ECF No. 47, and Defendant filed a reply.  ECF No. 49.  A hearing was held on these matters on January 30, 2023.  Upon review of the pleadings and consideration of the arguments of counsel and the applicable law, Defendant's Motion for Access to Jury Selection Material is GRANTED in part and DENIED in part.

Mr. Romero has retained expert Jeffrey Martin to provide support for the motion to dismiss.  Martin has represented that he has the master and qualified wheel data relevant to this challenge.  ECF No. 43 at 1.  However, in order to allow

Mr. Martin to perform a full analysis of the district court's jury selection system, Mr. Romero requests the following materials:

1. The date when grand jurors were summoned and/or empaneled in this case.
2. The number of persons summoned from the Qualified Jury Wheel to be considered as grand jurors in this case.
3. The calculations of proportionality as described in the § 4.01 of the new jury plan. *See* Doc. 41-1.
4. All jurors summoned in this case, including their juror number (or "participant number") and county.
5. The disposition of each summoned grand juror in this case as to excusal, deferment, disqualification or selection.
6. Any AO-12s produced since the AO-12 dated November 15, 2021.
7. An updated Master Jury Wheel with status codes and the demographic information described above. If the Master Wheel has not been updated since its production to Federal Defenders in early January 2022, this request is withdrawn. ECF No. 43 at 2–3.

Of these requests, the Government objects to requests 3, 4 and 5. ECF No. 47 at 6–7. The Court overrules the Government's objections to requests 3 and 5. *See United States v. Ramirez-Ortiz*, No. 20-CR-2667-GPC, 2021 WL 1662441, at *3–4, 6 (S.D. Cal. Apr. 28, 2021) (granting request for calculations of proportionality and disposition of each summoned grand juror). However, the Court SUSTAINS the Government's objection to Romero's request for "[a]ll jurors summoned in this case." A defendant is not entitled to a jury of any particular composition. *Taylor v. Louisiana*, 419 U.S. 522, 538 (1975) ("Defendants are not entitled to a jury of any particular composition, but the jury wheels, pools of names, panels, or venires from which juries are drawn must not systematically exclude distinctive groups in the community and thereby fail to be reasonably representative thereof." (citations omitted)). Request No. 4 appears to seek records to challenge the particular composition of Mr. Romero's grand jury and is DENIED.

Defendant's Motion for Access to Jury Selection Material is GRANTED in part and DENIED in part. The Clerk of Court is directed to provide responsive documents to Federal Defenders and the Government that have not already been provided during the *Ramirez-Ortiz* proceedings. All non-duplicative requested Materials must be redacted to show only Juror Number, Race, Gender, Hispanic Ethnicity, Year of Birth, County, and Zip Code.

Further, the Court directs the Clerk to provide the JSSA information identified above within one week of the date of this Order.

The JSSA materials disclosed pursuant to this order shall be subject to the following protective order:

1. The materials may be used only by counsel, their legal staff and experts in connection with the preparation and/or litigation of a motion in this case challenging the District's jury selection procedures and may not be disclosed. The materials may not be used for purposes of jury selection, trial, or any other matter other than the preparation and/or litigation of a motion in this case challenging the District's jury selection procedures.

2. The materials either must be returned to the Court at the commencement of jury selection, or counsel, their staff, and their experts and consultants must certify that the materials have been destroyed and that no materials have been retained in any duplicative form.

3. The Clerk of the Court shall file a SEALED copy of the records on the docket for purposes of maintaining a record of the production.

4. Consistent with 28 U.S.C. § 1867(f), the materials may not be disclosed, shown or distributed in any manner to third parties, except experts and consultants. The materials may only be disclosed to individuals who have a need to view the materials "as may be necessary in the preparation or presentation of" a motion to dismiss on the ground of "substantial failure to comply with the provisions of this

title in selecting the grand or petit jury." 28 U.S.C. § 1867.

5. Defendant shall not possess the materials at any time, except when reviewing the materials with counsel. The materials may not be carried into or reviewed in any detention facility or residence of the defendant. The materials may be reviewed by defendant, if in custody or under home detention, by whatever approved arrangements can be made with the Bureau of Prisons or Pretrial Services to facilitate any such review, including video or audio conference procedures that have been utilized during the current COVID-19 pandemic.

6. Every attorney who accesses the materials is personally responsible not only for his or her compliance with this Protective Order, but also his or her client's compliance with the requirements of this Protective Order and compliance by any staff member, expert, or other person who is shown the materials consistent within the parameters of this Order.

7. Materials that have been identified as available for review only in the Clerk's Office may not be removed from the Clerk's Office. Because these documents may contain personal identifying information, these documents shall not be subject to review by Defendant directly. Counsel shall not record in any manner any personal identifying information that appears in these documents.

8. Counsel, their staff, experts, consultants, Defendant, and the government are reminded that "[a]ny person who discloses the contents of any record or paper in violation of this subsection may be fined not more than $1,000 or imprisoned not more than one year, or both." 28 U.S.C. § 1867(f).

**IT IS SO ORDERED.**

Dated: February 2, 2023

Hon. Gonzalo P. Curiel
United States District Judge